UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 7:24-PO-00895 |
| VS. | * | |
| JASON G PICKETT | * | MAGISTRATE JUDGE LEBLANC |

### MEMORANDUM ORDER

Defendant is charged with operating a vehicle while impaired (doc. 1), and, as this is defendant's first such charged offense, the maximum penalties defendant faces if guilty are a fine of $1,000 and a term of imprisonment of not more than six (6) months. *See* La. R.S. 14:98 & :98.1. At his initial appearance and arraignment conducted on January 7, 2025, Defendant requested a jury trial. For the reasons that follow, Defendant's request for a jury trial is **DENIED**.

Federal Rule of Criminal Procedure 58 applies "in petty offense and other misdemeanor cases." FRCrP 58(a)(1). The term "petty offense" means a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than $5,000. *See* 18 U.S.C. § 19 and § 3571(b)(6)-(7). Further, to be a petty offense, the maximum term of imprisonment authorized for the offense may not be more than six (6) months. *See* 18 U.S.C § 3559(a)(7)-(9) & § 3581(b)(7)-(9). If the offense is a petty offense, Rule 58 provides that the matter must be tried to the magistrate judge and that the defendant is not entitled to a jury trial. See FRCrP 58(b)(2)(E)(i) & (F). The United States Fifth Circuit Court of Appeals has held: "For Sixth Amendment purposes, we presume that offenses carrying a maximum prison term of six months or less are petty offenses." *United States v. Paternostro*, 966 F.2d 907, 913 (5th Cir. 1992) (citing *Blanton v. North Las Vegas,* 489 U.S. 538, 109 S.Ct. 1289, 1293 (1989)). In *Paternostro*, the maximum sentence for the offense at issue was six months imprisonment and a $5,000 fine,

-2-

together with the possibility of an extended probationary period, and the court concluded that such an offense was not a "serious offense," but was a "petty" crime, such that the defendant was not entitled to a jury trial. *Id*. Accordingly, Defendant is not entitled to a jury trial in the present matter, and this matter will be scheduled for a bench trial before the undersigned. A Pre-Trial Criminal Scheduling Order consistent herewith will be separately docketed.

SO ORDERED at Lake Charles, Louisiana, this 8th day of January, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE